## COSKERY v. YOUNG.

1. **Instructions**: EVIDENCE BALANCED: WEIGHT OF CIRCUMSTANCES. Plaintiff sued for $100 which defendant agreed to pay her as a part of the cost of digging a ditch, which, it was supposed, would benefit defendant's land as well as plaintiff's. The ditch, when dug, was found not to be deep enough to drain defendant's land. Plaintiff testified that she was to dig the ditch two and a half feet deep, and that she had dug it even deeper. Defendant testified that the ditch was to be deep enough to drain his land. It appeared, however, that a ditch two

and a half feet deep was distinctly talked of, and it did not appear that defendant suggested anything against the sufficiency of such a ditch. *Held* that it was error for the court to instruct the jury that they might consider whether such a ditch would be of any benefit to defendant.

*Appeal from Polk Circuit Court.*

Tuesday, December 14.

ACTION to recover upon a contract for digging a ditch. There was a trial to a jury, and verdict and judgment were rendered for the defendant. The plaintiff appeals.

*J. S. Coskery* and *C. P. Holmes*, for appellant.

*Nourse, Kauffman & Guernsey*, for appellee.

ADAMS, CH. J.—The plaintiff, Mrs. M. A. Coskery, desiring to drain her own land, entered into a contract with the defendant, who was the owner of other land which it was supposed that a ditch, as contemplated, would, if properly constructed, benefit. By the contract the plaintiff was to dig the ditch, and the defendant was to pay her $100. The plaintiff proceeded, and dug a ditch. So far there is no dispute. But the parties are not agreed as to what kind of a ditch the plaintiff was to dig. She insists that the contract was that she was to dig a ditch two feet and a half deep, and that she fully performed her contract, and dug a ditch even deeper than she agreed, to-wit, a ditch two feet and nine inches deep. The ditch, as constructed, does not appear to have been deep enough. At least, the evidence tended to so show, and also that it was of but little, if any, benefit to the defendant. He resists the plaintiff's claim upon the alleged ground that he never contracted for a ditch of any specific depth, but contracted for a ditch sufficient to drain his land. As to whether the contract was to construct a ditch two feet and a half deep, or a ditch sufficient to drain the defendant's land, the testimony was in direct conflict. In view of the

conflict, the court instructed the jury that, in determining what the agreement was, it was proper for them to consider whether such a ditch as plaintiff alleges she was to make was beneficial to the defendant. The plaintiff assigns the giving of the instruction as error.

Where there is a conflict in the testimony of witnesses, the jury may be allowed to look at the proven circumstances of the case, and consider what disputed fact testified to is, in view of the proven circumstances, the more probable. This is a familiar rule, and the court below doubtless had it in mind in giving the instruction. The defendant's theory is that, if a ditch two feet and a half deep was insufficient to drain the defendant's land, there is a natural improbability that he would have contracted for such a ditch. But, in our opinion, this is not necessarily so. It depends entirely upon what the defendant's supposition was in relation to the sufficiency of the ditch. When we look into the evidence, we find that a ditch two feet and a half deep was distinctly talked of, and not a suggestion appears to have been made by the defendant that such a ditch would be insufficient. On the other hand, the defendant admits that he may have said that such a ditch would do. No survey appears to have been made, and the parties might easily have made a mistake as to the exact depth which the ditch should have in order to effect drainage. In the uncertainty of the matter, there seems to be quite as great a natural improbability that the plaintiff would enter into such contract as the defendant claims was made, as that the defendant would enter into such contract as the plaintiff claims was made.

As to the alleged want of benefit to the defendant, we think that this only can be said: that, the ditch at present not appearing to be deep enough, some additional expenditure will be requisite, and that the ditch, even as constructed, may be worth the reasonable cost of it. There is, then, we think, nothing in the alleged want of benefit resulting thus

far to the defendant which should be held to discredit the plaintiff's evidence that the defendant agreed to pay $100 for the construction of a ditch two feet and a half deep. Such being our view, it must be held that the court erred in its instructions.

REVERSED.