### BOHALL V. NEIWALT *et al.*

1. **Boundaries**: PROCEEDINGS TO ESTABLISH LOST CORNER: APPEAL: TRIAL DE NOVO: EVIDENCE. A proceeding to establish a lost corner is not triable *de novo* upon an appeal to this court (see cases cited in opinion), and the finding of the court below on the question of fact cannot be disturbed for want of evidence, where the evidence was conflicting.

2. ———: ———: APPORTIONMENT OF COSTS. The costs of a proceeding to establish a lost corner should, under section 4, chapter 8, Laws of 1884, be apportioned among the parties according to their respective interests, regardless of the benefits resulting from the proceeding. And in this case, where the corner in question was one common to four quarter sections of land of equal value, and plaintiff was the owner of one of them, and the defendants of the other three, *held* that not more than one-fourth of the costs should have been taxed to plaintiff.

*Appeal from Grundy District Court.*—HON. C. F. COUCH, Judge.

FILED, SEPTEMBER 7, 1888.

PLAINTIFF is the owner of the southwest quarter of section 10, township 89, range 16, in Grundy county. He alleges that the northwest corner of said premises has been lost, and that its exact location is now in dispute. He therefore asks to have it restored and established. A commissioner was appointed under the provisions of chapter 8, Laws Fifteenth General Assembly, who proceeded to make a survey and take testimony as provided by law. He reported that the corner in question had been lost and in dispute for ten or more years, during which time no particular line had been considered and treated as the true line for a period long enough to establish it. The original corner was not found, and the commissioner, therefore, reported in favor of establishing it

midway between the section corners north and south of it. The plaintiff excepted to the report, and moved that the corner be established at a point twenty-nine links north of the point fixed by the commissioners. The exceptions were overruled, and the report confirmed. The defendants then moved that all the costs of the proceedings be taxed to plaintiff. The court taxed one-half the costs to plaintiff, and the remainder to defendants. The plaintiff appeals.

*O. B. Courtright*, for appellant.

No appearance for appellees.

ROBINSON, J.—I. Counsel for appellant reviews the evidence at length, and insists that the findings of the commissioner were not supported by the evidence, and that the evidence conclusively established the fact that the original government corner was at a point twenty-nine links north of the corner fixed by the report. There was conflict in the evidence, and, if this case were triable here *de novo*, we might conclude that a preponderance of the evidence sustains the claim of appellant. But this court has repeatedly held that it cannot try anew a cause of this kind. *Mitchell v. Wilson*, 70 Iowa, 335; *Vittoe v. Richardson*, 58 Iowa, 576; *In re Harrington*, 54 Iowa, 35. There is evidence to sustain the report of the commissioner, and we cannot say that it is so clearly against the weight of the evidence as to justify us in setting aside the action of the district court in confirming it.

1. BOUNDARIES: proceedings to establish lost corner: appeal: trial de novo: evidence.

II. Appellant complains of the ruling of the district court which taxed one-half of all the costs to him. The statute provides that "the expenses and costs of the surveys and suit shall be apportioned among all the parties according to their respective interests." Laws 1874, sec. 4, ch. 8. It is shown that each defendant owns a quarter section of land, and that the corner in question is common to these tracts and to the one owned by plain-

2. ——: ——: apportionment of costs.

Bohall v. Neiwalt.

tiff. Each party to the suit is therefore shown to have the same amount of land involved. The question in controversy is the proper location of the corner in a right line, extending from north to south. If the corner is moved from a given point northward, each owner south of the new location will gain, and each owner north of it will lose, the same amount of land. Each party is therefore interested to the same extent, although not necessarily in the same way, for one gains what another loses. But there is no reason for concluding that it was the intention of the statute to have the costs taxed according to the benefits which result from the suit. The trial court has no discretion in the matter when the respective interests of the parties are ascertained. In this case it does not appear that there is any difference in the values of the tracts involved, and we therefore conclude that the interest of each party to the suit is equal to that of every other, and that one-fourth of the expenses and costs of the surveys and suits should have been taxed to him. The judgment of the district court is affirmed as to the report of the commissioner and the establishing of the corner, and modified in accordance with the views we have expressed as to costs.

MODIFIED AND AFFIRMED.